Dear Mr. Long:
On behalf of the Commission Council of the City of Donaldsonville, you have requested the opinion of this office regarding the provision of law enforcement services within the City of Donaldsonville by the Ascension Parish Sheriff. According to your correspondence, the City of Donaldsonville contracts with the Sheriff for law enforcement within the city limits of Donaldsonville. You also advise that the Sheriff, through the Ascension Parish Law Enforcement District, collects approximately $200,000 in ad valorem taxes (pursuant to R.S.33:9001, et seq.) within the corporate limits of Donaldsonville. Specifically, you ask whether the Sheriff should provide the City with a $200,000 credit against the fee he charges pursuant to the law enforcement contract within the City, since the Sheriff is already collecting that amount within the City by virtue of the Law Enforcement District Tax.
This office is unaware of any provision of law which would require a Sheriff to give a municipality a credit, such as you describe, for the amount of ad valorem taxes collected by the Sheriff within the municipality. Furthermore, we must presume that the City of Donaldsonville would not have entered into a contract for law enforcement services with the Sheriff if it were not receiving, pursuant to the contract, a greater degree of law enforcement service and/or police protection than it would be entitled to receive from the Sheriff in the absence of the contract. In this regard, I enclose herewith copies of prior opinions of this office which pertain to the responsibility of Sheriffs within municipalities, specifically Atty. Gen. Ops. 94-105, 93-283, 93-6, 84-603, 84-109 and 83-161.
It is our opinion that the City of Donaldsonville is not entitled to a credit, for the amount of ad valorem taxes collected by the Law Enforcement District within the City, on the Sheriff's contract for law enforcement services within the municipality. Of course, if the City does not feel that the Sheriff is providing its citizens with service greater than they are entitled to receive pursuant to the Sheriff's parish-wide responsibilities, then the City should terminate the contract, or depending on the contract terms, determine not to renew its contract with the Sheriff in future fiscal years.
We trust the foregoing to be of assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _______________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
DATE RECEIVED: MARCH 8, 1996
DATE RELEASED:
JEANNE-MARIE ZERINGUE BARHAM, ASSISTANT ATTORNEY GENERAL